UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES W. HECKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON AND UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendants. | Case No. C04-5447<br><br>ORDER |

This matter comes before the court on review of Defendant's Motion for Stay of Discovery Pending Resolution of Defendant's Summary Judgment Motion (Dkt. 23) and on Plaintiff's Motion to Compel (Dkt. 25). The court has considered the relevant documents and the remainder of the file herein.

On July 30, 2005, plaintiff filed this civil action against the State of Washington and the United States Department of Agriculture. Dkt. 1. The complaint alleges that the Department of Agriculture deprived plaintiff of his civil rights under the First, Fifth, Seventh, Ninth and Fourteenth Amendments when it permitted and encouraged its employees to commit misdemeanors and felonies in order to create a fraudulent record of plaintiff's employment and to use this record to slander plaintiff in the eyes of other employers. Dkt. 6, at 4-5. The complaint alleges that (1) the State of Washington has repeatedly denied him employment, even though he had higher examination scores than other applicants, or at least had scores equal to those of other applicants; (2) he had a right under both state and federal law to a veteran's preference; (3) persons hired for the positions for which he applied were either non veterans or without

legal preference rights; (4) persons hired for the positions for which he applied were younger than 40 or were already agency employees who had been initially hired at an age under 40; (5) when he filed suit in state court, he was denied a trial by jury because summary judgment was granted in favor of the State of Washington; (6) the State of Washington rigged selections for positions in a fraudulent attempt to gain control over federal money; (7) the State of Washington gave undue advantage to current agency employees; (8) the search committee for one of the positions for which he applied contacted plaintiff's former program manager at the United States Forest Service and illegally obtained false information from his personnel records sufficient to keep him from being selected for the position, thereby violating the Privacy Act, 5 U.S.C. § 552a(i) and Washington's anti-blacklisting law, RCW 49.44.010;  and (9)  the Washington courts conspired with the agency to prevent plaintiff from presenting his case to a jury.

On April 22, 2005, the State of Washington filed a motion, requesting that discovery be stayed pending resolution of a summary judgment motion, which defendants anticipate will be filed within twenty-one days. Dkt. 23.  Defendants state that the summary judgment motion will be based on absolute, qualified, and/or Eleventh Amendment immunity, collateral estoppel, res judicata, and failure to state a claim.  The State of Washington contends that plaintiff is attempting to relitigate claims in the federal courts that Washington state courts have already considered, dismissed on summary judgment, and affirmed on appeal.

May 3, 2005, plaintiff filed a motion to compel and memorandum opposing the State of Washington's motion for stay of discovery.  Dkt. 25.  Plaintiff contends that the court has jurisdiction to raise issues related to the Seventh Amendment guarantee of the right to a jury trial, the Privacy Act, the Uniformed Services Employment and Reemployment Rights Act, the Age Discrimination in Employment Act, the civil rights statutes, the Racketeer-Influenced and Corrupt Organization Statute, and other laws that apply to this lawsuit.  Plaintiff contends that substantial criminal action that has already been revealed demands further investigation; and that delay in discovery will make it more difficult to contact persons who possess material information.  Finally, plaintiff requests that the court grant his motion to compel a response to his First Demand for Discovery and Interrogatories, which have been propounded to the State of Washington and the United States Department of Agriculture.  See Dkt. 25, First Demand for Discovery and Documents and Interrogatories and State of Washington's Objections Thereto. Dkt. 25, Attachment.

ORDER
Page - 2

Plaintiff contends that the State of Washington should be compelled to release information from more than one agency; that all of the material requested could lead to the production of admissible material evidence, that statistical evidence frequently reveals patterns of discrimination, that the agencies from whom plaintiff has requested information are under the control of the State of Washington, and that, if documents do not exist in spite of requirements to maintain those documents, the State of Washington should admit it.

## LEGAL STANDARD

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)(*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Leyra v. Certified Grocers of California*, 593 F.2d 856, 863-64 (9th Cir.), *cert. denied* 444 U.S. 827 (1979).

## DISCUSSION

The State of Washington states that it intends to file a summary judgment motion based upon absolute, qualified, and/or Eleventh Amendment immunity, collateral estoppel, res judicata, and failure to state a claim. Plaintiff maintains that discovery should proceed, arguing that the merits of the case warrant relief in his favor.

A decision on the immunity issues should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *See Johnson v. County of Los Angeles,* 340 F.3d 787, 791 (9th Cir. 2003); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (Immunity questions should be resolved at the earliest possible stage in litigation.). Likewise, the issues of collateral estoppel and res judicata should be resolved as early in the proceedings as possible, since these are threshold issues that must be decided before this court may entertain claims on the merits.

Since defendants intend to file a summary judgment motion in the near future, it is appropriate that the court stay discovery, and vacate the dates for the initial disclosure of documents, the discovery conference, and the joint status report until the court rules on the State of Washington's motion for summary judgment. In the event that plaintiff believes that discovery is necessary to address the issues of absolute, qualified, and/or Eleventh Amendment immunity, collateral estoppel, and res judicata, he may make discovery requests of the State of Washington that are limited to those issues. If the parties are unable to agree on such discovery, the issue may be brought before the court by motion. *See* Fed.R.Civ.P.

1  7 and Local Rule CR 7.

2  Plaintiff's motion to compel should be denied, and the state should be relieved from complying with
3  plaintiff's First Demand for Discovery Documents and Interrogatories, pending resolution on the State of
4  Washington's dispositive motion.

5  The State of Washington's Motion for Stay of Discovery Pending Resolution of Defendant's
6  Summary Judgment Motion should be granted, subject to the conditions set forth herein. The dates set by
7  the court's scheduling order (Dkt. 22) should be stricken, and will be reset as necessary following
8  resolution of the State of Washington's dispositive motion.

9  Because the United States Department of Agriculture has not addressed this motion or otherwise
10 requested relief staying discovery, discovery may proceed with regard to this defendant. However, in the
11 interests of efficiency and fairness, the remaining dates set forth in the court's scheduling order should be
12 stricken.

13 Therefore, it is hereby

14 **ORDERED** that defendants' Motion for Stay of Discovery Pending Resolution of Defendants'
15 Summary Judgment Motion (Dkt. 23) is **GRANTED**. Discovery between plaintiff and the State of
16 Washington is **STAYED** until the court rules on the State of Washington's motion for summary judgment,
17 subject to the conditions set forth above. Discovery between plaintiff and the United States Department of
18 Agriculture may proceed. Plaintiff's motion to compel (Dkt. 25) is **DENIED**. The dates set by the court'
19 January 27, 2005 Minute Order Setting Trial, Pretrial Dates and Ordering Mediation (Dkt. 22) are
20 **STRICKEN.** The State of Washington shall file a motion for summary judgment, if it chooses to so file,
21 not later than May 27, 2005. In the event that defendants do not timely file a motion for summary
22 judgment, an amended scheduling order will be issued by the Clerk.

23 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
24 party appearing *pro se* at said party's last known address.

25 DATED this 13th day of May, 2005.

26
27
28                                  Robert J. Bryan
                                    U.S. District Judge