UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES W. HECKMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON AND UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>　　　　　　Defendants. | Case No.  C04-5447RJB<br><br><br>ORDER |

This matter comes before the court on the United States' Motion to Dismiss and Motion for Stay Pending Resolution of United States' Motion to Dismiss. Dkt. 27. The court has reviewed the relevant record herein.

On May 27, 2005, the United States filed a motion to dismiss and a motion for stay pending resolution of the motion to dismiss. Dkt. 27. On June 8, 2005, plaintiff filed response to the United States' motion. Dkt. 30. Along with his response, plaintiff filed materials that are outside of the pleadings. Dkt. 31. Those documents are relevant to the issues before the court.

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials. Fed.R.Civ.P. 12(b)(6); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter.").

1  Failure to treat the motion as one for summary judgment would constitute reversible error. See *Bonilla v.*
2  *Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc.*, 391
3  F.2d 81, 84-85 (9th Cir. 1968).  A party that has been notified that the court is considering material beyond
4  the pleadings has received effective notice of the conversion to summary judgment. *See Grove v. Mead*
5  *Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.), *cert. denied*, 474 U.S. 826 (1985); *Townsend v.*
6  *Columbia Operations*, 667 F.2d 844, 849 (1982).

7  In this case, in addition to other arguments, plaintiff contends that the USDOA violated the Privacy
8  Act by disclosing information to a prospective employer, and that this disclosure occurred after any
9  decisions were rendered in administrative and judicial proceedings in the federal and state courts.  Plaintiff
10  has provided documents outside of the pleadings, and these documents are relevant to this issue.
11  Defendant United States' motion to dismiss should be converted to a motion for summary judgment under
12  Fed.R.Civ.P. 56.

13  The United States' motion to stay discovery pending resolution of the United States' dispositive
14  motion is currently noted for June 24, 2005.  See Dkt. 27.  That motion should remain on the court's June
15  24, 2005 calendar.

16  Plaintiff is notified that the United States has filed a motion for summary judgment.  If one of the
17  parties files a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, the opposing party must
18  respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that
19  there is a genuine issue for trial.  In the event defendant files a motion for summary judgment by which it
20  seeks to have his case dismissed, plaintiff is notified that summary judgment under Rule 56 of the Federal
21  Rules of Civil Procedure will, if granted, end his case against that defendant.

22  Rule 56 tells plaintiff what he must do in order to oppose a motion for summary judgment.
23  Generally, summary judgment must be granted when there is no genuine issue of material fact–that is, if
24  there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked
25  for summary judgment is entitled to judgment as a matter of law, which will end plaintiff's case.  When a
26  party the plaintiff is suing makes a motion for summary judgment that is properly supported by declarations
27  (or other sworn testimony), plaintiff cannot simply rely on what his complaint says.  Instead, plaintiff must
28  set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him.  If summary judgment is granted, plaintiff's case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Therefore it is hereby **ORDERED** that the United States' Motion to Dismiss and Motion for Stay Pending Resolution of United States' Motion to Dismiss  (Dkt. 27),  shall be **CONSIDERED** a motion for summary judgment.  The United States' motion for summary judgment (Dkt. 27) is **RE-NOTED** for consideration on July 22, 2005.  Plaintiff may file any further response to the United States' motion for summary judgment July 18, 2005.  The United States may file a reply not later than July 21, 2005.  If plaintiff does not file a response providing the appropriate documentation as described above, judgment may be granted in favor of the United States.  If judgment is granted in defendant's favor, the case will be dismissed and there will be no trial.  The United States' Motion for Stay Pending Resolution of United States Motion to Dismiss shall remain on the court's June 24, 2005 calendar.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED THIS 16th day of June, 2005.

Robert J. Bryan
U.S. District Judge