UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES W. HECKMAN,<br><br>        Plaintiff ,<br><br>    v.<br><br>STATE OF WASHINGTON AND UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>        Defendants. | Case No. C04-5447RJB<br><br>ORDER GRANTING UNITED STATES' MOTION FOR STAY |

    This matter comes before the court on review of the United States' Motion for Stay Pending Resolution of United States' Motion to Dismiss. Dkt. 27. The court has considered the relevant documents and the remainder of the file herein.

    On July 30, 2005, plaintiff filed this civil action against the State of Washington and the United States Department of Agriculture. Dkt. 1. The complaint alleges that the Department of Agriculture deprived plaintiff of his civil rights under the First, Fifth, Seventh, Ninth and Fourteenth Amendments when it permitted and encouraged its employees to commit misdemeanors and felonies in order to create a fraudulent record of plaintiff's employment and to use this record to slander plaintiff in the eyes of other employers. Dkt. 6, at 4-5. The complaint alleges that (1) the State of Washington has repeatedly denied him employment, even though he had higher examination scores than other applicants, or at least had scores equal to those of other applicants; (2) he had a right under both state and federal law to a veteran's preference; (3) persons hired for the positions for which he applied were either non veterans or without

ORDER
Page - 1

legal preference rights; (4) persons hired for the positions for which he applied were younger than 40 or were already agency employees who had been initially hired at an age under 40; (5) when he filed suit in state court, he was denied a trial by jury because summary judgment was granted in favor of the State of Washington; (6) the State of Washington rigged selections for positions in a fraudulent attempt to gain control over federal money; (7) the State of Washington gave undue advantage to current agency employees; (8) the search committee for one of the positions for which he applied contacted plaintiff's former program manager at the United States Forest Service and illegally obtained false information from his personnel records sufficient to keep him from being selected for the position, thereby violating the Privacy Act, 5 U.S.C. § 552a(i) and Washington's anti-blacklisting law, RCW 49.44.010;  and (9)  the Washington courts conspired with the agency to prevent plaintiff from presenting his case to a jury.

On May 27, 2005, along with a motion to dismiss, the United States requested that the court stay discovery pending its motion to dismiss. Dkt. 27.   Plaintiff has propounded interrogatories to the United States, which the United States contends are neither relevant nor likely to lead to relevant information. The United States contends that the discovery engaged in by plaintiff offers nothing toward resolution of the issues in the case.

Plaintiff opposes the stay of discovery, arguing that, given the pervasive nature of official corruption in this case and the amounts of money involved, a more thorough investigation of the circumstances is called for.  Dkt. 30, at 8-10.

On June 16, 2005, the court converted the United States' motion to dismiss to a motion for summary judgment, and noted the motion for July 22, 2005. Dkt. 33.  The motion to stay discovery remained on the court's June 24, 2005 calendar.  *Id.*

## LEGAL STANDARD

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket.  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)(*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Leyra v. Certified Grocers of California*, 593 F.2d 856, 863-64 (9th Cir.), *cert. denied* 444 U.S. 827 (1979).

<u>DISCUSSION</u>

The United States Department of Agriculture has filed a motion to dismiss, which has been converted by the court to a motion for summary judgment. At this point it does not appear that discovery, in particular the interrogatories that plaintiff has propounded to the USDOA, is necessary or helpful to resolution of the issues presented in the pending dispositive motion. The United States' motion to stay discovery pending resolution of the pending dispositive motion filed by the United States should be granted.

Therefore, it is hereby

**ORDERED** that the United States' Motion for Stay Pending Resolution of United States' Motion to Dismiss (Dkt. 27) is **GRANTED**. Discovery between plaintiff and the United States Department of Agriculture is **STAYED** until the court rules on the United States' motion for summary judgment.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of June, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge